***NOT FOR PUBLICATON***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADELANA BABAJDE FAWOLE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC,<br><br>Defendant. | Civil Action No. 3:20-cv-12514-FLW-ZNQ<br><br>OPINION |

**<u>WOLFSON, Chief Judge:</u>**

Plaintiff Adelana Babajde Fawole ("Plaintiff") brings this negligence action against Defendant Federal Home Loan Mortgage Corporation a/k/a Freddie Mac ("Defendant") following a fire on Defendant's property that allegedly caused extensive damage to Plaintiff's adjacent home. Plaintiff seeks damages and attorneys' fees. Presently before the Court is Defendant's Motion to Dismiss in which Defendant argues that Plaintiff's Amended Complaint fails to allege sufficient facts relating to negligence. Plaintiff opposes the motion, contending that Defendant breached its duty of care to Plaintiff by failing to monitor and secure its property and report vagrants to the police. Plaintiff also asks the Court for an adverse inference of negligence due to Defendant's spoliation of evidence.[1] For the following reasons, Defendant's dismissal motion is **DENIED** and

---

1   Plaintiff contends that Defendant destroyed the evidence relevant to Plaintiff's claim by selling 239 Pearl Street on March 6, 2020. *See* Am. Compl., ¶ 27. Plaintiff argues that because of the communications between his counsel and Defendant, the property was reasonably foreseeable evidence. *See* Pl. Opp., at 12. Further, Plaintiff notes that Defendant failed to notify counsel prior to the sale, but as a large corporation, it should have known to preserve the evidence, or at the very least, notify Plaintiff so that a fire expert could timely inspect the property. *See* Pl. Opp., at 12. Defendant did not respond to Plaintiff's spoliation argument. Because I find that Plaintiff's Amended Complaint states a claim for relief, I need not address this issue at this time.

Plaintiff's request for an adverse inference is **DENIED** without prejudice.

I.      FACTUAL BACKRGOUND AND PROCEDURAL HISTORY

The following facts are derived from Plaintiff's Amended Complaint. The Court accepts the facts as true for the purposes of this motion. Plaintiff owns real property located at 237 Pearl Street in Trenton, New Jersey. *See* Am. Compl., ¶ 6. Defendant is a private corporation under the direction of the Federal Housing Agency that has, according to Plaintiff, owned more than 60 properties in the City of Trenton since January 1, 2015.[2] *See id.* ¶¶ 11-12, 35. On November 16, 2019, a fire occurred at 239 Pearl Street, which Defendant owned at the time. *See id.* ¶ 8. The fire spread to Plaintiff's adjacent property and caused extensive damage to the structure of his single-family home, the appliances, fixtures, and other personal property. *See id.* ¶ 9. Plaintiff's home was uninsured. *See id.* ¶ 10.

According to Plaintiff, on February 18, 2020, the City of Trenton's Fire Marshal prepared a Report concerning the fire.[3] *See id.* ¶ 15. The Report stated, and area residents later confirmed, that Defendant's property may have been illegally occupied by vagrants. *See id.* ¶ 16. Additionally, the Report concluded that the fire originated in a bedroom on the first floor. *See id.* ¶ 17. Fuel sources were located in that general area, and heavy charring along the baseboard suggested the presence of combustible materials beneath the window. *See id.* ¶ 18. However, the Report did not

---

[2]     When considering a motion to dismiss, courts may rely upon public records of property ownership outside the four corners of the complaint, as here. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

[3]     Although he does not attach it to his Amended Complaint, Plaintiff relies substantially on the Fire Marshal's Report, and "a court may consider documents that are integral to or explicitly relied upon in the complaint" at this stage. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Defendant has not substantively challenged the Report in any event. Defendant merely notes in its "statement of undisputed facts," which is not necessary on a dismissal motion, that Plaintiff failed to attach it.

specify the identity or source of the combustible materials or how long they were present at Defendant's property prior to the fire. *See id.* ¶¶ 19-20. Plaintiff alleges that there were no cameras or security system installed on Defendant's property and it is currently unknown whether Defendant had fire extinguishers. *See id.* ¶¶ 21, 23.

On December 10, 2019, counsel for Plaintiff sent a letter to Defendant's counsel seeking information on Defendant's liability insurance and notifying it of his claim for property damage sustained as a result of the fire. *See id.* ¶ 13. Plaintiff's counsel sent a second letter on January 9, 2020, reiterating the claim and expressing a desire to resolve it out of court. *See id.* ¶ 14. Defendant's insurer contacted Plaintiff's counsel on February 12, 2020. *See id.* ¶ 25. Defendant's property management company, Radian Real Estate Management, LLC, also contacted Plaintiff. *See id.* ¶ 26. Communications continued between Defendant's representatives and Plaintiff's counsel for months. *See id.* ¶ 28. Nevertheless, without informing Plaintiff, Defendant sold 239 Pearl Street on March 6, 2020. *See id.* ¶ 27. Plaintiff was not otherwise aware of the sale. *See id.*

Unable to resolve his claim out of court, Plaintiff filed the instant action on September 10, 2020, and subsequently, amended his Complaint on October 21, 2020. In the Amended Complaint, Plaintiff alleges negligence against Defendant for failing to take the precautions necessary to prevent the fire. *See id.* ¶ 52. Specifically, Plaintiff avers that Defendant breached its duty of care to Plaintiff by failing to monitor its property, report vagrants to the police, and install security systems and smoke detectors. *See id.* ¶¶ 42-50. As a result of Defendant's alleged negligence, Plaintiff contends that he has suffered $180,000 in damages, which continue to accrue. *See id.* ¶¶ 51-52. In response, Defendant filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Def. Mot., at 4. Defendant contends that Plaintiff has not plausibly alleged negligence

because he has failed to plead that Defendant breached a duty or that Defendant's actions were the proximate cause of his damages. *See* Def. Mot., at 5-6.

## II.   LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d. Cir. 2008) (internal quotations omitted).

To survive a dismissal motion, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough factual matter (taken as true) to suggest [every] required element." *Phillips*, 515 F.3d at 234. In other words, the complaint must "state a plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). To determine whether a complaint is plausible, a court conducts a three-part analysis. First, the court "must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d. Cir. 2016). Then, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

## III.   DISCUSSION

Defendant contends that Plaintiff has failed to sufficiently plead negligence. Defendant's argument centers on purported generalities in Plaintiff's Amended Complaint. *See* Def. Mot., at 5-

8. Specifically, Defendant argues that Plaintiff's claims surrounding the circumstances of the fire are based upon "impermissible speculation and conjecture," and that Plaintiff has not established that Defendant breached a duty or proximately caused the damages. *See* Def. Mot., at 7-8. In his opposition, Plaintiff insists that his claim is not speculative, that any gaps in evidence may be filled during discovery, *see* Pl. Opp., at 3, 9, and that he has pled sufficient facts to establish each element of negligence. *See* Pl. Opp. at 3-4, 8.

To plausibly state a negligence claim in New Jersey, a plaintiff must allege four key elements: "(1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injuries, and (4) that the plaintiff suffered actual compensable injuries as a result." *Kubert v. Best*, 432 N.J. Super. 495, 508 (App. Div. 2013); *see also Brunson v. Affinity Federal Credit Union*, 199 N.J. 381, 400 (2009); *Townsend v. Pierre*, 221 N.J. 36, 52 (2015). At bottom, the negligence inquiry asks "whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk of likelihood of harm or danger to others." *Tentacost v. Brussel*, 82 N.J. 214, 222 (1980) (internal quotations omitted).

  A. *Duty*

"The threshold inquiry in a negligence action is whether the defendant owed the plaintiff a duty of care." *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). "A duty is an obligation imposed by law requiring one party to conform to a particular standard of conduct toward another." *Acuna v. Turkish*, 192 N.J. 399, 413 (2007) *cert. denied*, 555 U.S. 8133 (2008) (internal quotation marks omitted). Foreseeability of injury, while a significant factor, is not alone enough to impose a duty. *See Carter v. Lincoln-Mercury, Inc., Leasing Div. v. EMAR Group, Inc.*, 135 N.J. 182, 195 (1994); *Vellucci v. Allstate Ins. Co.*, 431 N.J. Super. 39, 56 (App. Div. 2013).

Courts will also evaluate the fairness and policy surrounding the imposition of a duty, which involves "identifying, weighing, and balancing several factors – the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." *Carvalho v. Toll Bros. & Developers*, 143 N.J. 565, 573 (1996).

Here, Plaintiff argues that there was a risk that vagrants would illegally occupy Defendant's property and a corresponding risk to neighboring properties of damage, such as fire, which were foreseeable. *See* Pl. Opp. at 7-8. Plaintiff contends that these risks were particularly foreseeable in light of the City of Trenton's Ordinance addressing vagrancy,[4] and Defendant's longstanding history of property ownership in the City. *See* Pl. Opp. at 7-8. Tellingly, Defendant does not make any arguments to the contrary. That is likely so because neighboring property owners clearly owe duties to each other under these circumstances. *See Menth v. Breeze Corp., Inc.*, 4 N.J. 428, 433-34 (1950) (holding that plaintiff had produced enough evidence to establish a *prima facie* case of negligence because the evidence suggested that "a person of ordinary experience and intelligence would have foreseen" that defendant's negligent maintenance of its property in an "unsafe or dangerous condition" would have led to the fire that ultimately damaged the plaintiff's adjoining property); *B.W. King, Inc., v. Town of W. New York*, 49 N.J. 318 (1967) (finding similarly, and remanding to determine Defendant's knowledge of the dangerous conditions on its premises).

Plaintiff has, in turn, provided facts sufficient to plead dangerous conditions on Defendant's property. For example, Plaintiff mentions the Fire Marshal's Report, which details the presence of inflammable materials and signs of vagrants, later confirmed by neighboring residents. Plaintiff also details illegal occupation of vacant properties common to the area, as well as Defendant's widespread property ownership within the City. At the Motion to Dismiss stage,

---

4    *See* N.J. CODE § 132.91.1 (2015).

Plaintiff merely needs to allege sufficient facts to state a plausible claim of relief, and accepting the facts in Plaintiff's Amended Complaint as true, Plaintiff has plausibly alleged that Defendant owes him a duty of care.

 B. Breach

  The crux of Defendant's motion is that Plaintiff has failed to establish breach. *See* Def. Mot., at 8. Specifically, Defendant points to the Amended Complaint's broad proclamations regarding the duty to prevent vagrants from entering Defendant's property without stating what hazardous conditions Defendant actually created. *See id*. Additionally, Defendant argues that Plaintiff does not allege that Defendant had notice of the dangerous conditions or inflammable materials at its property, or even the specific circumstances surrounding the fire. *See id*. For example, according to Defendant, Plaintiff does not explain how or when the vagrants started the fire. *See id*. On the other hand, Plaintiff argues that he has pled sufficient facts establishing breach, such as Defendant's failure to use "no trespassing" signs, install security devices, notify the City of the vacant property, or notify the Trenton Police of trespassing, which together are sufficient to survive dismissal on this element. *See* Pl. Opp., at 8.

  When assessing breach, "the question is whether a reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others' by his or her conduct." *Franco v. Fairleigh Dickinson Univ.*, No. 3055-18, 2021 WL 1133026, at *5 (N.J. Super. App. Div. Mar. 25, 2021) (quoting *Marshall v. Klebanov*, 378 N.J. Super 371, 378 (App. Div. 2005) (internal quotation marks omitted). A defendant breaches a duty when its conduct "falls below a standard recognized by the law as essential to the protection of others from unreasonable risks of harm." *Id*. While "[m]ere failure to prevent wrongful conduct by another is ordinarily not sufficient to impose liability," *Kubert v. Best*, 432 N.J. Super. 495, 512

(App. Div. 2013), it is sufficient when the third-party acts are themselves foreseeable. *Clohesy v. Food Circus Supermarkets*, 149 N.J. 496, 504-05 (1997).

As pled, Plaintiff's negligence claim rests, in part, on third-party conduct. Plaintiff alleges that Defendant failed to take any action to avoid the fire, including preventing trespassers from inhabiting its property and notifying the Trenton Police Department that the property was vacant. *See* Pl. Opp., at 8. Plaintiff also explains that Defendant did not install security systems and cameras or "no trespassing" signs despite being on notice of the risk of trespassers, vagrants, and fires in the City. *See id*. In short, Plaintiff alleges that Defendant failed to monitor the property and was negligent in preventing the fire as a result.

Plaintiff also alleges that Defendant has owned over 60 properties in Trenton, and given the prevalence of illegal occupancy in the city, it was reasonable for Defendant to be on notice of the risks posed by vagrants. *See* Pl. Opp. at 7. These facts plausibly allege that a "reasonably prudent person at the time and place" of Defendant should have recognized the risk of danger to Plaintiff by failing to prevent or report trespassers, or otherwise secure/monitor the property. *See generally Trentacost v. Brussel*, 82 N.J. 214, 231-32 (1980) (finding breach of duty where landlord knew of high incidence of crime in the neighborhood and attempted theft within the building); *Braitman v. Overlook Terrace Corp.*, 68 N.J. 368, 373-74 (finding negligence where defendant failed to adequately secure the property knowing the prevalence of break-ins in the area).[5]

C. *Causation*

Defendant also disputes whether Plaintiff has adequately pled causation. Specifically, Defendant argues, all Plaintiff has alleged is that vagrants may have been at Defendant's property

---

5      Based on the Court's reading of Plaintiff's Amended Complaint, it does not appear that Plaintiff alleges *per se* negligence for Defendant's failure to notify Trenton Police of trespassers or the vacant property in accordance with City ordinance. Instead, Plaintiff uses that fact to show Defendant's unreasonableness in keeping the property unsecured/unmonitored.

at some unknown time, which is not enough to establish that a negligent act *by the Defendant* caused the fire. *See* Def. Mot. 7-8. In response, Plaintiff points to the Fire Marshal's Report, which states that unknown combustible materials present at Defendant's property are likely a cause of the fire. *See* Pl. Opp. at 8. Essentially, Plaintiff argues that Defendant created the conditions in which a fire could occur by leaving the property vacant and unsecured.

I begin with but-for causation. *Colvin v. Van Wormer Resorts, Inc.*, 417 Fed. App'x. 183, 187 (3d Cir. 2011). "Cause-in-fact or but-for causation encompasses every occurrence related to an event such that, but for the occurrence, the event would not have happened." *Canesi v. Wilson*, 158 N.J. 490, 526 (1999). Here, Plaintiff alleges that, but for Defendant's failure to properly monitor and secure its property or report vagrants to the police in accordance with City ordinance, the fire at issue would never have occurred. This allegation is sufficient at this stage, and Defendant does not substantively dispute it.

However, "by itself, but-for causation generally is an inefficient and unfair means of allocating liability." *Canesi*, 158 N.J. at 526. A defendant's liability for negligence "depends . . . also on a proximate causal relationship between the breach of the duty of care and resultant losses." *People Exp. Airlines, Inc. v. Consolidated Rail Corp.*, 100 N.J. 246, 264 (1985). Determining proximate causation is highly fact-dependent. *See Migliaccio v. Public Service Ry. Co.,* 101, N.J. 496, 499 (N.J. 1925) ("[It] is that combination of logic, common sense, justice, policy and precedent that fixes a point in a chain of events, some foreseeable and some unforeseeable, beyond which the law will bar recovery.") (internal quotation marks omitted). Where there is third-party conduct, and that conduct is a foreseeable consequence of a defendant's actions, the defendant may be liable for it. *Braitman v. Overlook Terrace Corp.*, 68 N.J. 368, 381 (1975). "Only where the third party's action is 'so extraordinary as to not have been reasonably foreseeable' might such

action constitute a superseding cause" that cuts off liability. *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 495 (3d Cir. 1985) (quotations and citation omitted).

Here, Plaintiff claims that it was foreseeable that vagrants would occupy Defendant's vacant property, if left vacant and unmonitored, and start a fire that could damage neighboring properties. *See Menth*, 4 N.J. at 441; *Wiley v. West Jersey R. Co.*, 44 N.J. 247, 251 (1882). For support, Plaintiff points to the various findings of the Fire Marshal regarding the origins of the fire, as well as the City's Ordinance, which he argues was enacted to prevent the very harm that allegedly occurred: vagrants starting fires in vacant, unreported houses. *See generally Braitman* 68 N.J. at 381 (imposing liability on a landlord where the landlord did not take reasonable steps to prevent foreseeable theft by third persons); *Clohesy*, 149 N.J. at 514 (finding liability after the abduction of a customer because it was foreseeable based on the crime rate in the area); *Scully v. Fitzgerald*, 179 N.J. 114, 122 (2004) (imposing liability on a landlord for a fire caused by a third person when landlord failed to take reasonable precautions to prevent the fire). These facts are sufficient at this stage to allege proximate cause.

### IV.   CONCLUSION

Because Plaintiff has plausibly alleged facts supporting all four elements of his negligence claim, Defendant's Motion to Dismiss is **DENIED**.

**DATED**: April 27, 2021

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge